ZEBUDEE AND NANCY ANN ANTHONY v. THE STATE.

Where one of the several defendants to a criminal prosecution is acquitted upon the trial, it is competent for the Court to grant a new trial to the other defendants, without setting aside the verdict as to the one acquitted, in order that they may have the benefit of his testimony upon such new trial, provided they show a case of so much merit and so much diligence on their part as to entitle them to a new trial.

Where persons are made defendants to a criminal prosecution to prevent their being used as witnesses for the defence, the proper course for the party desiring their testimony, is to move for a separate trial, which the Court will grant or not in their discretion, or, if there be no testimony against one of several defendants at the trial, motion should be made for a separate verdict which being accorded, he would become a competent witness for the defence. And *semble*, that the neglect or omission, in such case, to move for a separate trial or separate verdict would be a ground for refusing a new trial for the purpose of giving the parties convicted the benefit of the testimony of the acquitted.

THIS was a petition for a new trial of a complaint against the petitioners for an assault and battery. It appeared that the petitioners and one Alonzo B. Anthony were, on the 23d of May 1851, convicted on said complaint, before Amasa Ballou, a justice of the peace in the town of Burrillville, and duly sentenced ; that they appealed from said sentence to the Court of Common Pleas for this county, at the last December term thereof, and were there tried before a jury, who found the said Zebudee guilty of an assault, the said Nancy Ann, guilty of an assault and battery, and the said Alonzo not guilty ; and, thereupon, said Alonzo was discharged and the case continued for sentence. The petitioners ask a new trial for

the benefit of said Alonzo's testimony, who, they allege, will testify that no assault or battery was committed by them on the complainant, and was included in the complaint to prevent his being a witness. The petition was supported by said Alonzo's affidavit, in which he says, he is willing to make oath that the petitioners made no assault and battery, as alleged in said complaint, and are not guilty, that he was present during the whole time of the alleged offence and has good reason to believe that he was joined in the prosecution to prevent his testifying to the facts in said cause. The complainant on the other hand made his affidavit, that he testified to facts before the jury which, if believed, proved the guilt of both of the petitioners, and produced the affidavits of other witnesses as to the confessions of said Nancy Ann, which tended to prove conclusively her guilt upon the charge against her.

*Holden* for the complainant.

*Porter* for the respondents.

The opinion of the Court was delivered by

Haile, J., (after stating the facts.) It is contended by the counsel for the complainant that a new trial cannot be granted in this case, because the verdict cannot be set aside as to the petitioners without setting it aside as to the defendant, Alonzo B. Anthony, who was acquitted and the case of *Sawyer* v. *Merrill*, (10 Pick. 16,) is relied on in support of this point, in which it was decided, that, if two defendants in trespass are tried together and one is acquitted and the other convicted, a new trial cannot be granted as to the one convicted, in order that he may have the benefit of the other's testimony, for the verdict cannot be set aside as to the one without being set aside as to both.

But this case has since been overruled by the case of *Bicknell* v. *Davis* (16 Pick. 478,) and decided to be inconsistant with the practice in Massachusetts and a correct administration of justice, and the English authorities are there cited and shown not to support such a rule. This latter case is supported by *Price* v. *Harris et. al.* (10 Bingh. 331.)

But, in regard to the subject of new trials in criminal cases, in the case of *Best* v. *Mawley et. al.* (6 Term 6 19) in an indictment against three for a misdemeanor, where two were acquitted and one was convicted, the Court of King's Bench held, that they had power to grant a new trial, although they refused it on the merits.

The jurisdiction of this Court over applications for a trial or a new trial is conferred and regulated by statute, and in civil cases the application may be granted in the discretion of the Court, upon such terms and conditions as they shall prescribe, for the causes specified in the statute, and also a new trial may be granted in any case, where there has been a trial by jury, for reasons for which new trials have been granted at Common Law; but the suit must have been decided within one year previous to such application. And the statute also confers upon the Court the power in their discretion, on the petition of the accused, to grant trials or new trials upon indictment or other criminal prosecutions, in which verdict or judgment shall have been rendered against such petitioner; provided application therefor shall be made within one year after such cause shall have been tried or decided. In regard to indictments and other criminal prosecutions, the statute, within the period specified, does not fix any other limit to the power of the Court to grant trials or new trials, than the exercise of a sound judicial discretion upon the merits of each particular case.

42

In the case of the *King* v. *Mawley et. al.*, Lord Kenyon said that "in granting new trials the Court knew no limitations, (except in some excepted cases,) but would grant or refuse a new trial as it would tend to the advancement of justice." This is the rule of the common law, as laid down by this learned jurist, and is doubtless a safe and practical rule, as applicable to our statute in criminal cases.

And in this case we have no doubt that consistently with our practice we could grant a new trial, without setting aside the verdict as to the defendant, who was acquitted. But the petitioners are bound to show that they have used reasonable diligence and to make out a case to move the sound judicial discretion of the Court.

This is not a case of newly discovered evidence, but a case where the witness, now relied on, was disqualified at the trial, by being joined in the prosecution and a party to the record.

The petitioners might have moved that the defendant, Alonzo B. Anthony, should be tried separately and, if he had been acquitted on his separate trial, he then would have become a competent witness. It was in the power of the Court in their discretion to grant a separate trial, if it would tend to the advancement of justice. But a separate-trial is not a matter of right but wholly in the discretion of the Court. *United States* v. *Marshall* (12 Wheat. 480.) *People* v. *Howell* (4 Johns. 302.) And it has been the practice of this Court, where several persons are jointly indicted, to grant or refuse a separate trial, even in capital cases, in their discretion, as it might best secure to the accused an impartial trial and promote public justice. In the case of the *People* v. *Vermilyea* (7 Cowen 369) it was decided, that the refusal of the Court to grant a separate trial was no cause for a new trial.

Anthony et al. *v.* The State.

But in the case at bar it does not appear that a separate trial was moved for. But we are not prepared to say that this omission of itself should deprive the petitioner of the right of a new trial, if it had been satisfactorily proved, that said Alonzo B. Anthony was joined in said complaint solely for the purpose of preventing him from being a witness, and that his testimony would entitle the petitioners to an acquittal.

If there was no evidence against said Alonzo, it was competent for the Court to direct a verdict of acquittal as to him, and he then would have become a competent witness. As a matter of public policy in the administration of justice, the petitioners could not remain silent and neglect to move for the separate trial of a co-defendent or for a separate verdict as to him, if there was no evidence against him, and take their chance of acquittal or conviction, and, if convicted, then apply for a new trial, to let in the evidence of such co-defendant. For, if we were to grant a new trial for such cause and on a second trial one of the defendants should be acquitted and the other convicted, the defendant so convicted might again apply for a similar cause and this Court would be perpetually harrassed with such applications.

But we apprehend that there is no reasonable ground for a new trial upon the testimony in the cause. The petitioners, having been convicted on competent evidence, to entitle them to a new trial, they should show that they could produce evidence on such trial which would entitle them to an acquittal, or at least, such evidence as would so far contradict the evidence of the government as to render their guilt reasonably doubtful.

But the testimony of the complainant and the other government witnesses as to the charge against the said Nancy Ann Anthony would be conclusive as to her guilt, notwithstanding the testimony of the said Alonzo.

And as to the said Zebudee Anthony, the said complainant testified to facts which would in law constitute an assault by him on the complainant, and in case of a new trial the jury would have to determine between the conflicting testimony of said complainant and that of said Alonzo. But said Alonzo in his affidavit swears merely that no assault was committed, without stating any facts in relation to this affray, thereby leaving it doubtful whether he could testify to any facts, which would disprove the alleged assault, or to only what the witness may consider an inference of law.

Considering therefore the evidence which was submitted to the jury in said trial, the neglect of the petitioner to move for a separate trial or a separate verdict, as to the said Alonzo, and that he might have been used if acquitted on separate verdict, this Court in the exercise of a sound judicial discrition, cannot grant a new trial, without establishing a precedent that might be productive of mischief and embarassment in the administration of our criminal, jurisprudence.

*Petition dismissed without costs.*